UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

BONNIE DAVIS,

    Plaintiff,       Civil Action No..**0:21mc61155**

vs.

UNITED STATES OF AMERICA,
and INDUCTOWELD TUBE CORP.
A Florida Corporation,

    Defendant.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, BONNIE DAVIS, by and through the undersigned attorneys, and sues the Defendants, UNITED STATES OF AMERICA, who was operating the federal agency known as the United States Post Office, and INDUCTOWELD TUBE CORPORATION(hereinafter "INDUCTOWELD"), and in support thereof, alleges the following:

### **Parties, Jurisdictional, and Venue Allegations**

1.  This action is brought against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et. seq.*

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1346(b)(1) over the claims asserted against the UNITED STATES OF AMERICA.

3.  This Court has supplemental jurisdiction over the claims asserted against INDUCTOWELD pursuant to 28 U.S.C. § 1367.

4.  Defendant, UNITED STATES OF AMERICA, is the proper party to this action under the FTCA, *supra.,* for the negligent acts and omissions of its agencies and their employees. 28 U.S.C. §§ 1346(b)(1).

1

5.      At all times material hereto, Plaintiff, BONNIE DAVIS, was a resident and citizen of Broward County, Florida.

6.      At all times material hereto, Defendant, INDUCTOWELD, was a Florida corporation which owned a shopping plaza known as Galt Ocean Plaza in Broward County, Florida.

7.      On or about August 14, 2018, Defendant, INDUCTOWELD owned, maintained and/or controlled property located at or near 3302-3370 NE 34th Street, in the City of Fort Lauderdale, Broward County, Florida.

8.      At all times material hereto, including August 14, 2018, the United States Postal Service rented space at the property described in paragraphs 6 and 7 and operated a United States Postal Service Office.  The address of the United States Postal Service Office within the shopping plaza owned by INDUCTOWELD is and was 3324 NE 34th Street, Fort Lauderdale, Florida.

9.      Liability of the Defendant, UNITED STATES OF AMERICA, is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, and resulting damages set forth below that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of Defendant, UNITED STATES OF AMERICA, through its agency, namely the United States Post Office.  These employees were acting within the course and scope of their office or employment, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

10.      Plaintiff has complied with all conditions precedent to bringing this suit pursuant to 28 U.S.C. § 2675, including the submission of Form 95 to the appropriate governmental agency, a copy of which is attached hereto as **Exhibit "A"** without enclosures and with Plaintiff's home

2

address redacted. Plaintiff's claims were rejected by the representative of The United States Postal Service in a letter that appears to have been mailed on February 8,2021, by the United States Postal Service (See **Exhibit "B"** attached hereto).   Plaintiff has brought her claim within 6 months of the date her claim was rejected by the failure of the United States Postal Service to offer reasonable compensation to Plaintiff.

11.    Venue is proper in this District and Division because the United States Post Office in which the Plaintiff was injured was physically located in Fort Lauderdale, Broward County, Florida, which is in this District and Division. The negligent acts complained of in this Complaint also occurred in Broward County, Florida, within this District and Division.

### Count I – Negligence against Defendant, UNITED STATES OF AMERICA

12.    Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 11 above.

13.    On or about August 14, 2018, Plaintiff, BONNIE DAVIS, while exercising due care and caution for her own safety, was entering the post office located at the property identified in paragraphs 6 and 7 herein when she was suddenly and unexpectedly injured due to the careless and negligent manner in which the floor of the premises was maintained. More specifically, the Plaintiff slipped and fell on water on the ground that was leaking from the roof/ceiling and/or AC unit in the ceiling.

14.    The UNITED STATES OF AMERICA and its employees owed to the Plaintiff a duty of reasonable care to maintain the floors inside the subject Post Office location in a condition reasonably safe for their intended uses and free form all conditions which would render them

dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

15.    The UNITED STATES OF AMERICA and its employees owed Plaintiff a duty to warn her of the dangerous and unsafe condition of the floor.

16.    The UNITED STATES OF AMERICA, by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

      a.  Defendant, UNITED STATES OF AMERICA, knew or should have known about the dangerous and hazardous condition of the wet floor and failed to correct same;

      b.  Failure to properly inspect the subject floor;

      c.  Failure to properly warn the Plaintiff of the subject floor's dangerous and hazardous condition;

      d.  Failure to properly maintain the subject floor in a reasonable and safe condition.

      e.  Failure to correct a defective condition on the premises that was causing water to accumulate on the ground.

17.    In the alternative, the Defendant UNITED STATES OF AMERICA, created one or more of the unreasonably dangerous conditions set forth above thereby negligently causing said unreasonably dangerous and unsuitable conditions.

18.    That the aforesaid acts of negligence on the parts of the Defendant were the proximate cause of the injuries sustained by the Plaintiff.

19.    As a direct result of his fall, the Plaintiff, BONNIE DAVIS, has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, and aggravation of preexisting injuries, if any. Her losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, BONNIE DAVIS, demands judgment for damages in the amount of $2,000,000 (two million dollars) against Defendant, UNITED STATES OF AMERICA, together with costs.

## Count II – Negligence against Defendant INDUCTOWELD

20.     Plaintiff readopts and realleges each and every allegation contained in counts 1 through 11 as if they were fully set forth herein, and further says:

21.     On the above date and time, the Plaintiff, BONNIE DAVIS, while exercising due care and caution for her own safety, was entering the post office located at the property identified in paragraphs 6 and 7 herein when she was suddenly and unexpectedly injured due to the careless and negligent manner in which the roof, ceiling and/or the air conditioning of the subject building were maintained. More specifically, the Plaintiff slipped and fell on water that was leaking from the ceiling and/or AC unit in the ceiling.

22.     The Defendant, INDUCTOWELD, and its employees owed to the Plaintiff a duty of reasonable care to maintain the roof/ceiling and AC unit in a condition reasonably safe for their intended uses and free form all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

23.     The Defendant, INDUCTOWELD, retained its duty to maintain the roof and air conditioning system of the subject building pursuant to the terms of the lease entered into with the UNITED STATES OF AMERICA.

24.     That it was the duty of the Defendant to warn Plaintiff of aforesaid dangerous and unsafe condition.

25.     The Defendant, by and through its employees, servants, and/or agents breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

a.      The Defendant failed to properly maintain and examine the roof/ceiling to make sure they were safe and free from structural damage, and water leaks;

b.      The Defendant should have exercised reasonable care in the maintenance of its roof and ceilings;

c.      The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the roof/ceilings.

d.      The Defendant failed to warn the Plaintiff of the dangerous condition.

e.      The Defendant failed to maintain its AC unit in a proper manner to prevent water leaks.

26.     That the aforesaid acts of negligence on the parts of the Defendant were the proximate cause of the injuries sustained by the Plaintiff.

27.     As a direct result of his fall, the Plaintiff, BONNIE DAVIS, has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. Her losses are permanent and continuing in nature and the Plaintiff will suffer losses in the future.

6

WHEREFORE, the Plaintiff, BONNIE DAVIS, demands judgment against the Defendant, INDUCTOWELD TUBE CORP., for damages, costs, and any other relief this Court may deem appropriate.

DATED THIS 3rd day of June, 2021.

Respectfully submitted,

STEINGER, ISCOE & GREENE, P.A.
2727 W. Cypress Creek Road
Fort Lauderdale, FL 33309
T: 954-492-2277 | F: 954-634-8315

By: _s/   Ron Vinograd_
      Ron Vinograd, Esquire
      Florida Bar Number: 19157
      Primary: rvinograd@injurylawyers.com
      Secondary: saponte@injurylawyers.com

# Steinger, Greene & Feiner®

## INJURYLAWYERS.COM

**Offices**

**West Palm Beach**
1645 Palm Beach Lakes Blvd
9th Floor
West Palm Beach, FL 33401
(561) 616-5550
(561) 616-5551 fax

**Port St. Lucie**
507 NW Lake Whitney Place
Port St. Lucie, FL 34986
(772) 621-9934
(772) 621-9954 fax

**Fort Lauderdale**
2727 NW 62nd Street
Fort Lauderdale, FL 33309
(954) 491-7701
(954) 491-7703 fax

**Miami**
2333 Ponce De Leon Blvd
Suite 920
Coral Gables, FL 33134
(305) 569-6000
(305) 569-6001 fax

Reply to: **Fort Lauderdale**

Reply to: Direct Phone:
Direct  Facsimile:(954) 634-8306

June 24, 2019

L. Wayne Boyle
Physical Security Specialist/Miami Division
US Postal Inspection Service
Tort Claims
3400 Lakeside Drive, 6th Floor
Miramar, FL  33027-3242

RE:     Our Client:        Bonnie Davis
            Location of Incident: 3324 N.E. 34th Street, Fort Lauderdale, FL 33308

            Date of Loss:       8/14/2018
            Our File No.:       BR SF 186411

Dear Mr. Boyle:

In connection with the Federal Tort Claims Act, enclosed please find the following documentation:

Completed and signed Standard Form 95 "Claim for Damages, injury or Death"
Copy of Letter marked "Exhibit A" from Markel Claims for your review.

Please be advised that this claim has been transferred to litigation, and the Attorney you will be speaking with is Aaron Draizin, and his paralegal is Khristine Irizarry.

Very truly yours,
Steinger, Greene & Feiner

Donna Scarcelli, Florida Registered Paralegal to
Barry Chenman, Esquire

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| TORT CLAIMS COORDINATOR UNITED STATES POSTAL SERVICE P.O. BOX 6127 Fort Lauderdale, FL 33310 | Bonnie Davis 1900 S. Ocean Blvd, Apt. 9 N Lauderdale by the Sea, FL 33062 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 6/10/1940 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 8/14/2018 Tuesday | 7. TIME (A.M. OR P.M.) 12:00 |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

This incident occurred on August 14, 2018, at approximately Noon time, when Bonnie went to USPS located at 3324 N.E. 34th Street, Fort Lauderdale, FL. As she walked into Post office she slipped and fall on water which was leaking from an air conditioning unit located on the ceiling. As a result of this slip & fall Bonnie sustained injury to her left Knee.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Injury to Left Knee, which required surgical intervention

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Lilly & Kim - USPS Employees Ms Wright | USPS 3324 N.E. 34th Street Fort Lauderdale, FL 33308 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $450,000 | N/A | $450,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Bonnie S. Davis | 954-772-6773 | 6/24/2019 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

PRINTED ON

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**INSTRUCTIONS**

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? *Markel Insurance letter*  *Medicare* *Evanston Insurance Company Med pay* *Supplement United American Insurance*

17. If deductible, state amount *Exhibit A* *N/A*

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts) *Medicare Lien*

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☒ No

SF 95 (Rev. 7-85) BACK

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES**
**POSTAL SERVICE**

**CERTIFIED NO. 7017 1450 0001 9610 9584**
**RETURN RECEIPT REQUESTED**

Ron Vinograd, Esq.
Steinger, Greene & Feiner
2727 NW 62nd Street
Fort Lauderdale, FL 33309

Re:   Your Client:          Bonnie Davis
      Date of Incident:     August 14, 2018
      USPS File No.:        NT201959835
      Location of Loss:     3302-3370 NE 34th Street, Ft. Lauderdale, FL 33308

Dear Mr. Vinograd:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about August 14, 2018.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment.  We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees.  While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages.  Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.  Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO  63155-9948
TEL:  314/345-5820
FAX: 314/345-5893



- 2 -

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Kyle B. Harbaugh
Tort Claim Examiner/Adjudicator
314/345-5861

RECEIVED

FEB 1 2 2021

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70171450000196109584

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 3:29 pm on February 11, 2021 in FORT LAUDERDALE, FL 33309.

## ⊘ Delivered, Front Desk/Reception/Mail Room

February 11, 2021 at 3:29 pm
FORT LAUDERDALE, FL 33309

Feedback

**Get Updates** ⌄

---

**Text & Email Updates**                                                   ⌄

---

**Tracking History**                                                        ⌃

**February 11, 2021, 3:29 pm**
Delivered, Front Desk/Reception/Mail Room
FORT LAUDERDALE, FL 33309
Your item was delivered to the front desk, reception area, or mail room at 3:29 pm on February 11, 2021 in FORT LAUDERDALE, FL 33309.

**February 10, 2021, 8:57 pm**
Departed USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

**February 10, 2021, 9:50 am**
Arrived at USPS Regional Facility

MIAMI FL DISTRIBUTION CENTER

**February 9, 2021**
In Transit to Next Facility

**February 8, 2021, 11:36 pm**
Departed USPS Regional Facility
SAINT LOUIS MO DISTRIBUTION CENTER

**February 8, 2021, 4:05 pm**
Arrived at USPS Regional Facility
SAINT LOUIS MO DISTRIBUTION CENTER

**Product Information**                                        ⌄

**See Less** ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**